949 N.E.2d 358 (2010)
In re the Matter of A.H., Appellant-Defendant,
v.
STATE of Indiana, Appellee-Plaintiff.
No. 37A04-1002-JV-50.
Court of Appeals of Indiana.
July 19, 2010.
Samantha M. Joslyn, Rensselaer, IN, Attorney for Appellant.
Gregory F. Zoeller, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
BROWN, Judge.
A.H. appeals an adjudication finding her to be delinquent for an act that would be exploitation of an endangered adult as a *359 class A misdemeanor[1] if committed by an adult. A.H. raises two issues, one of which we find dispositive and revise and restate as whether the evidence is sufficient to sustain A.H.'s adjudication.[2] We reverse.
The relevant facts follow. Robert Barnhart was diagnosed with "mental retardation," has an overall IQ of 54, cannot read or write, has a "hard time with numbers," and is legally blind. Transcript of Fact-Finding Hearing at 4, 12. Barnhart receives assistance from the developmental disabilities provider, Help At Home, which assists Barnhart with his finances.
In May 2009, A.H., who was born on September 26, 1992, went to Barnhart to borrow $750 to bail her husband out of jail after A.H.'s cousin told her to go to Barnhart and ask him for money. Barnhart told A.H. that he was not authorized to loan her money and that he could not afford it, but A.H. "kept coming up at [him]." Id. at 17. Barnhart eventually agreed to give A.H. the money and assumed that it was a loan. A.H. filled out the top part of the check and Barnhart signed the check.
A.H. took the check to Charlie Mathews and told him that the check was from her grandfather, and Mathews gave her $750 in exchange for the check. A.H. then went and paid her husband's bail. A.H. took out a loan[3] to pay Mathews $750, and Mathews returned the check to her. The $750 was never withdrawn from Barnhart's account.
A.H. later returned to Barnhart and told him that she needed $100 to go to Indiana Beach. Again, A.H. filled out the top part of the check, and Barnhart signed the check. Barnhart considered the check to be a loan. Mathews gave A.H. $100 for this check. A.H. paid Barnhart twenty-five dollars of the $100 that she received from the second check.[4]
When Help At Home discovered irregularities in Barnhart's checking account, they contacted an investigator employed by Adult Protective Services. On July 2, 2009, the State filed a petition alleging A.H. committed an act that would be exploitation of an endangered adult as a class D felony if committed by an adult.
After a hearing, the juvenile court adjudicated A.H. to be a delinquent for committing the offense of exploitation of an endangered adult as a class A misdemeanor. The juvenile court sentenced A.H. to the Department of Correction until A.H. reaches the age of twenty-one years unless released sooner by the Department of Correction.
The dispositive issue is whether the evidence is sufficient to sustain A.H.'s adjudication. When the State seeks to have a juvenile adjudicated as a delinquent for committing an act that would be a crime if committed by an adult, the State must prove every element of the crime beyond a reasonable doubt. J.S. v. State, 843 N.E.2d 1013, 1016 (Ind.Ct.App.2006), trans. denied. In reviewing a juvenile adjudication, this court will consider only the evidence and reasonable inferences supporting the judgment and will neither reweigh evidence nor judge the credibility of *360 the witnesses. Id. If there is substantial evidence of probative value from which a reasonable trier of fact could conclude that the juvenile was guilty beyond a reasonable doubt, we will affirm the adjudication. Id.
The offense of exploitation of an endangered adult as a class A misdemeanor is governed by Ind.Code § 35-46-1-12, which provides in part:
(a) Except as provided in subsection (b), a person who recklessly, knowingly, or intentionally exerts unauthorized use of the personal services or the property of:
(1) an endangered adult; or
(2) a dependent eighteen (18) years of age or older;
for the person's own profit or advantage or for the profit or advantage of another person commits exploitation of a dependent or an endangered adult, a Class A misdemeanor.
While the statute does not define the word "unauthorized," the word is generally defined as "[d]one without authority; specif. (of a signature or indorsement), made without actual, implied, or apparent authority." BLACK'S LAW DICTIONARY 1559 (8th ed.2004).
Pursuant to Ind.Code § 35-46-1-1, an "endangered adult" is defined as:
(a) Except as provided in subsection (b), as used in this chapter, "endangered adult" means an individual who is:
(1) at least eighteen (18) years of age;
(2) incapable by reason of mental illness, mental retardation, dementia, habitual drunkenness, excessive use of drugs, or other physical or mental incapacity of managing or directing the management of the individual's property or providing or directing the provision of self-care; and
(3) harmed or threatened with harm as a result of:
(A) neglect;
(B) battery; or
(C) exploitation of the individual's personal services or property.
Ind.Code § 12-10-3-2. Thus, to adjudicate A.H. to be delinquent for committing exploitation of an endangered adult as a class A misdemeanor if committed by an adult, the State needed to prove that A.H. recklessly, knowingly, or intentionally exerted unauthorized use of the property of an endangered adult for A.H.'s own profit or advantage or for the profit or advantage of another person.
A.H. argues that the evidence is insufficient to sustain the adjudication because the checks represented loans, Barnhart agreed to give her the loans and thus authorized the use of his property, he never appeared to her as being incompetent or unable to handle his finances, Barnhart was never threatened, and A.H. had begun to repay the one outstanding loan.
The record reveals that the check for $750 was never withdrawn from Barnhart's account. With respect to the $100 check, we observe that this is a relatively small sum of money and that A.H. paid back to Barnhart twenty-five dollars, which is consistent with the idea that Barnhart loaned A.H. the money. Barnhart testified that he does not need permission to buy lunch or toothpaste and necessities. Barnhart also testified that the money in his checking account belonged to him. Moreover, Barnhart testified that he agreed to give A.H. the money and considered the checks to be loans. While Barnhart may have diminished capacity and A.H. prevailed against Barnhart, we do not believe that the State met its burden of proving beyond a reasonable doubt that A.H.'s use of Barnhart's property *361 was unauthorized. Put differently, we do not believe that the State proved beyond a reasonable doubt that A.H. took advantage of Barnhart's mental and physical condition in securing these loans and thus the State failed to prove that A.H.'s control over Barnhart's property was unauthorized. Thus, we hold that the evidence is insufficient as a matter of law to sustain A.H.'s adjudication finding her to be delinquent for an act that would be exploitation of an endangered adult as a class A misdemeanor if committed by an adult. Cf. Edwards v. State, 730 N.E.2d 1286, 1290 (Ind.Ct.App.2000) and Edwards v. State, 724 N.E.2d 616, 623-624 (Ind.Ct. App.2000), trans. denied (each holding that the evidence was sufficient to sustain the defendant's conviction for exploiting an endangered adult where the defendant obtained the victim's signature on a deed to the victim's home during a period of the victim's failing health and competence; sold the home less than two months later; used the sale proceeds to pay off defendant's personal judgments and debt, to buy a car, and to go on vacation, failing to save any money to pay the victim's rent beyond one year; and the victim believed that she still owned her home after conveying it to the defendant). While we do not make a finding as to A.H.'s credibility and do not approve or condone A.H.'s action in obtaining money from Barnhart, we simply do not find the evidence sufficient to meet the burden of proof required by the statute.
For the foregoing reasons, we reverse the juvenile court's adjudication of A.H. as a delinquent.
Reversed.
NAJAM, J., and VAIDIK, J., concur.
NOTES
[1] Ind.Code § 35-46-1-12 (Supp.2008).
[2] A.H. also argues that the juvenile court abused its discretion by ordering wardship of A.H. to the Department of Correction until A.H. reaches the age of twenty-one years or until released sooner by the Department of Correction. Because we reverse and find the evidence insufficient to sustain A.H.'s adjudication, we need not address this issue.
[3] The record does not reveal the source of the loan.
[4] The record is unclear as to when the twenty-five dollars was paid.